**CLARK HILL PLC**
Steven M. Richman, Esq. (NJ Id 017391980)
Myriah V. Jaworski, (*pro hac vice* forthcoming)
Chirag H. Patel (*pro hac vice* forthcoming)
210 Carnegie Center, Suite 102
Princeton, New Jersey 08540
(609) 785-2911
srichman@clarkhill.com
mjaworski@clarkhill.com
cpatel@clarkhill.com
*Attorneys for Defendants Search Quarry, Inc. and*
*Search Quarry, LLC.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, JANE DOE-1, JANE DOE-2, EDWIN MALDONADO, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | Case No. 24-cv-_____ |
| Plaintiffs, | Electronically Filed |
| v. | |
| SEARCH QUARRY, LLC, SEARCH QUARRY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

## DEFENDANT'S NOTICE OF REMOVAL

# **TABLE OF CONTENTS**

D.N.J. CIV. R. 10.1 STATEMENT ...........................................................................3

    A.   The Parties ...................................................................................7

    B.   Claims and Damages Alleged ....................................................8

I.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)(1).....10

    A.   The Parties are Citizens of Different States and Complete Diversity Exists. 11

        2.   The Individual Plaintiffs and Assignors are not Residents of Delaware. 11

        3.   The Assignors are the real parties in interest for diversity jurisdiction purposes, and Atlas's citizenship should be disregarded. ............................13

    B.   The Amount in Controversy Plausibly Exceeds $75,000 .......................17

        1.   Atlas' Claim Satisfies the Amount in Controversy. ............................18

        2.   Alternatively, Each Plaintiff has a Plausible Claim for $75,000..........18

II.    ALTERNATIVELY, REMOVAL IS APPROPRIATE UNDER § 1332(D) CAFA JURISDICTION ........................................................................20

    A. The Court May Deem this Matter a *De Facto* Class or Mass Action..........21

    B. Minimal Diversity Exists.................................................................22

    C.   The Proposed Class Exceeds 100 Members .................................22

    D.   CAFA Amount in Controversy is Satisfied ...............................23

    E.   No CAFA Exception Applies.................................................23

III.    SEARCH QUARRY HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL ........................................................................................24

    A.   This Court is the Proper Venue for Removal.............................24

    B.   Defendants Have Timely Filed this Notice of Removal............................24

    C.   Defendant has Met All Procedural Requirements for Removal .................25

IV.    THE COURT MAY ORDER JURISDICTIONAL DISCOVERY............25

CONCLUSION ........................................................................................26

## D.N.J. CIV. R. 10.1 STATEMENT

The plaintiffs are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Patrick Colligan, Peter Andreyev, and Williams Sullivan. The address for Atlas Data Privacy Corporation is Five Greentree Centre, 525 Route 73, Suite 104, Marlton, New Jersey 08053. Plaintiffs' complaint does not disclose the addresses for the remaining Plaintiffs and Defendants were unable to locate their precise addresses (moreover the identities of Jane Doe-1 and Jane Doe-2 are unknown). Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012 and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendants are Search Quarry, LLC and Search Quarry, Inc. (collectively, "Search Quarry"). The address of Search Quarry is 401 Ryland Street, STE 200-A, Reno, NV, 89502. Search Quarry is represented in this action by Clark Hill PLC, through Steven M. Richman, 210 Carnegie Center, Suite 102, Princeton, NJ 08540; Myriah V. Jaworski (*pro hac vice forthcoming*), One America Plaza, 600 W Broadway #500, San Diego, CA 92101; and Chirag H. Patel (*pro hac vice forthcoming*), 30 E Randolph St # 3900, Chicago, IL 60601.

**INTRODUCTION**

Defendants Search Quarry, LLC and Search Quarry, Inc., remove this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

This removed state court action is one of approximately 143 nearly identical lawsuits filed in New Jersey State Superior Court between February 6 and March 11, 2024 by the Atlas Data Privacy Corporation ("Atlas") as the putative "assignee" for the claims of thousands of individuals who purport to be 'Covered Persons' under "Daniel's Law," N.J.S.A. § 56:8-166.1 (collectively the "Assignors").[1] Daniel's Law was enacted in 2020 and provides certain "Covered Persons" with the right to make a request to "cease the disclosure" of their home address or unpublished home telephone numbers to persons disclosing that information on the Internet or otherwise making it available. N.J.S.A. § 56:8-166.1(a)(2).

At the time of its enactment, Daniel's Law included a private right of action to allow an aggrieved "Covered person" to bring a civil action in State superior court for violation of the law's disclosure requirement. On July 20, 2023, Daniel's Law was amended purportedly to allow for claim assignments. *See* N.J.S.A. 56:8-166.1(b), (d). Pending removal petitions filed by other defendants describe Atlas and

---

[1] Unless otherwise stated, this removal petition is based on the allegations in the Complaint and does not admit the truth of the facts asserted therein. Search Quarry expressly denies that Plaintiffs are entitled to any relief.

its associated law firm's role in lobbying the New Jersey state legislature to adopt this claim assignment amendment. *See Atlas Data Privacy Corp. v. Whitepages, Inc.*, 3:24-cv-03998 (D.N.J. Mar. 19, 2024), ECF No. 1 at 8-9 (Notice of Removal), ECF No. 1-3 (Ex. C), ECF No. 1-4 (Ex. D); *Atlas Data Privacy Corp. v. Hiya, Inc.*, 3:24-cv-04000 (D.N.J. Mar. 19, 2024), ECF No. 1 at 8-9 (Notice of Removal), ECF No. 1-3 (Ex. C), ECF No. 1-4 (Ex. D).[2]

Following this amendment, Atlas inundated Search Quarry with 19,023 deletion requests in a three-day period. Compl. ¶ 22. A plain reading of the Complaint shows that Atlas' actions were intentionally designed to overburden and impede compliance by businesses like Search Quarry, and therefore to create potential liability under the statute's amended private right of action.[3] Then, Atlas did just that and filed suit.

---

[2] "A federal court may take judicial notice of the proceedings in other courts of record." *Leiva v. Sec'y of Dep't of Homeland Sec.*, 230 F. Supp. 3d 406, 409 n.2 (D.N.J. 2017). Exhibits C and D describe Atlas as a "*de facto* contingent fee/litigation finance vehicle formed solely to serve as a litigation tool for Daniel's Law claimants, Atlas' investor, and the lawyers representing Atlas," and further describes Atlas' role in promoting the adoption of the Daniel Law's assignee amendment under which it now brings these suits.

[3] By its mass deletion requests, Atlas orchestrated a scenario whereby it knew that most businesses either would not be able to comply with the extraordinarily high volume of requests within the short 10-day compliance timeframe; would submit those requests for authorized agent verification pursuant to existing data subject rights protocols; or would reject the mass requests as bots or potential attack vectors under existing security protocols, among other potential responses. Additionally, Atlas fails to allege that it ever made any attempt to determine if Search Quarry's business-to-business (B2B) platform actually contained covered information

Specifically, on February 8, 2024, Atlas filed the annexed one-count complaint on behalf of Jane Doe-1, Jane Doe-2, Edwin Maldonado, Patrick Colligan, Peter Andreyev, and Williams Sullivan,[4] against Search Quarry, "Richard Roes 1-10" and "ABC Companies 1-10" in the New Jersey Superior Court of Monmouth County, under Case No. MON-L-000516-24, (the "State Court Action").[5] A copy of Plaintiff's Complaint and all other papers filed in the State Court Action are attached as **Exhibit A.** Defendant Search Quarry was served with the Complaint on February 23, 2024.

As explained further below, removal is proper because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) as "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." As an additional or alternative basis, removal is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") if it is either a *de facto* class action or mass

---

(unpublished telephone number and home address) for any of the 19,023 Assignors prior to inundating it with the mass deletion requests.

[4] Plaintiffs Jane Doe-1 ("Ms. Doe-1"), Jane Doe-2 ("Ms. Doe-2"), Edwin Maldonado ("Mr. Maldonado"), Patrick Colligan ("Mr. Colligan"), Peter Andreyev ("Mr. Andreyev"), and William Sullivan ("Mr. Sullivan") are each an "Individual Plaintiff" and collectively the "Individual Plaintiffs." The term "Plaintiffs" collectively refers to Atlas and all of the Individual Plaintiffs.

[5] The fictional defendants ("Richard Roes 1-10" and "ABC Companies 1-10") are disregarded when assessing a notice of removal. *See, e.g., Dozier v. E. Mfg. Corp.*, 2020 WL 3068191, at *1 (D.N.J. June 8, 2020). Thus, they are not addressed for the remained of this Notice of Removal.

action and the aggregate "matter in controversy [for the putative class] exceeds the sum or value of $5,000,000 exclusive of interest and costs" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." Search Quarry meets all other requirements for removal because this is the proper venue for removal, removal is timely, and Search Quarry completed all procedural requirements for removal.

### A. The Parties

**Search Quarry**. Defendant Search Quarry provides a business-to-business (B2B) customer intelligence platform. Search Quarry, Inc. is incorporated and headquartered in the State of Delaware. Search Quarry, LLC's sole member is Search Quarry, Inc.

**Individual Plaintiffs**. The Individual Plaintiffs allege they are each a "covered person" under Daniel's Law. Compl. ¶¶ 15-20. In sum, the Individual Plaintiffs allege:

| Plaintiff | Job Title | Residence | Compl. |
|---|---|---|---|
| Ms. Doe-1 | "veteran police office working in New Jersey" | Not Alleged | ¶ 15 |
| Ms. Doe-2 | "veteran correctional police officer" | "lives in Northern New Jersey" | ¶ 16 |
| Mr. Maldonado | "joined the Plainfield, New Jersey police department in 2000" | Not Alleged | ¶ 17 |
| Mr. Colligan | "veteran of the Franklin Township police department in Somerset, New Jersey" | Not Alleged | ¶ 18 |
| Mr. Andreyev | "veteran of the Point Pleasant New Jersey police department" | Not Alleged | ¶ 19 |

| Mr. Sullivan | "veteran of the New Jersey Department of Corrections" | Not Alleged | ¶ 20 |

**Atlas**. Plaintiff Atlas is a corporate plaintiff. Atlas alleges it is incorporated under Delaware with its offices in New Jersey. Compl. ¶ 21. Atlas alleges that it is the "assignee" of "the claims" of 19,023 individuals who are all 'covered persons' under Daniel's Law (collectively the "Assignors"). Compl. ¶ 22. Atlas alleges the Assignors "include individuals who reside, work or who previously resided or worked in New Jersey." Compl. ¶ 23.

Atlas alleges that each of the Assignors has "assigned their rights for claims [under Daniel's Law] to Atlas." Compl. ¶ 26. However, Atlas neither explains the scope of those purported assignments nor discloses the domiciles of Assignors.[6]

## B. Claims and Damages Alleged

Plaintiffs allege that Search Quarry violated Daniel's Law because it has "not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available" of each of the six Individual Plaintiffs and every one of the 19,023 Assignors covered information within ten business days. Compl. ¶¶ 25, 51, 55-59.[7] As their relief, the Plaintiffs seek:

---

[6] Search Quarry respects Plaintiffs' concerns of disclosing sensitive information. However, that does not excuse Atlas from Fed. R. Civ. P. 8 pleadings requirements.
[7] *See* nt. 4, *supra*. Atlas also did not meet its Fed. R. Civ. P. 11 obligation to investigate which, if any, of the 19,023 Assignors on whose behalf they filed suit now (or ever) had covered information available on Search Quarry's Platform.

- An order for Search Quarry to "immediately comply with Daniel's Law";

- "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'";

- punitive damages for "willful noncompliance";

- "reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred";

- "injunctive relief requiring that [Search Quarry] comply with Daniel's Law";

- "equitable or other permanent injunctive relief . . . the appointment of a qualified independent expert to ensure that [Search Quarry] prospectively maintain compliance with Daniel's Law; and

- "other and further relief against [Search Quarry] as the Court deems equitable and just."

Compl. ¶ 61 (prayer for relief); *see also* § 56:8-166.1(c)(Daniel's Law statutory damages).

## **LEGAL STANDARD**

A notice of removal requires only "a short and plain statement of the grounds for removal," "just as required of pleadings under Fed. R. Civ. P. 8(a)." 28 U.S.C. § 1446(a); *Grace v. T.G.I. Fridays, Inc*., 2015 WL 4523639 at *3 (D.N.J. Jul. 27, 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Thus, the District Courts "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (citing H.R.

Rep. No. 100-889, at 71 (1988)).  Accordingly, a "notice of removal need include only [] plausible allegation[s]" that each of the jurisdiction requirements for are met. *Id*. at 89. The allegations "invoking federal-court jurisdiction is accepted if made in good faith." *Id*. at 81-82. To be sure, "[n]o evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc*., 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (citing *Dart Cherokee*, 574 U.S. at 87); see also *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111 (3d Cir. 2015) (party who "alleg[es] complete diversity in good faith" will "survive a facial attack"); *Vaccaro v. Amazon.com.dedc, LLC*, 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019) (only plausible allegations are necessary).

## I.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)(1)

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (A) Search Quarry, Inc. and Search Quarry, LLC are citizens of Delaware and none of the Individual Plaintiffs are citizens of Delaware, and (B) the Complaint plausibly pleads that the matter in controversy exceeds the sum or value of $75,000.

10

### A. The Parties are Citizens of Different States and Complete Diversity Exists.

Complete diversity exists because both Search Quarry, Inc. and Search Quarry, LLC are citizens of Delaware, and none of the Individual Plaintiffs are citizens of Delaware.

#### 1. Search Quarry, Inc. and Search Quarry, LLC are Citizens of Delaware.

Search Quarry, Inc. is incorporated in Delaware, and its principal place of business is also located in Delaware (its headquarters), therefore it is a citizen of Delaware. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("citizenship of a corporation is both its state of incorporation and the state of its principal place of business"). Search Quarry, LLC is a citizen of Delaware by virtue of the citizenship of its sole member, Search Quarry, Inc. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The citizenship of an LLC is determined by the citizenship of its members.").

#### 2. The Individual Plaintiffs and Assignors are not Residents of Delaware.

Plaintiff Ms. Doe-2 alleges that she resides in New Jersey. Compl. ¶ 16. Plaintiffs Ms. Doe-1, Mr. Maldonado, Mr. Colligan, Mr. Andreyev, and Mr. Sullivan do not allege their respective states of residence. Compl. ¶¶ 15, 17, 18, 19, 20. However, the only plausible interference from their allegations is that they are New Jersey public employees residing in New Jersey because in-state residence is

11

mandated by New Jersey law. *See* N.J.S.A. § 40A:14-122.8 ("[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position"); N.J.S.A. § 52:14-7A ("Residency Statute").[8] Accordingly, complete diversity exists between Search Quarry and the Individual Plaintiffs.[9]

Like the Individual Plaintiffs, the only reasonable inference from Atlas' allegation that the Assignors are "covered persons" is that none of the Assignors reside in Delaware (and likely reside only in New Jersey). First, all of the job titles that qualify as "covered persons" are subject to the New Jersey Residency Statute.

---

[8] N.J.S.A. § 52 :14-7, states

Every person holding an office, employment, or position
  (1) in the Executive, Legislative, or Judicial Branch of this State, or
  (2) with an authority, board, body, agency, commission, or instrumentality of the State including any State college, university, or other higher educational institution, and, to the extent consistent with law, any interstate agency to which New Jersey is a party, or
  (3) with a county, municipality, or other political subdivision of the State or an authority, board, body, agency, district, commission, or instrumentality of the county, municipality, or subdivision, or
  (4) with a school district or an authority, board, body, agency, commission, or instrumentality of the district,
**shall have his or her principal residence in [New Jersey]** and shall execute such office, employment, or position.
(emphasis added).

[9] Because Search Quarry has stated a good faith and plausible basis for removal, the remote possibility that one of the Plaintiffs lives in Delaware does not make removal improper. It is unlikely that Daniel's Law is intended or can have extra-territorial application. Moreover, Plaintiffs could have alleged their state of residence but only did so selectively. Plaintiffs cannot rely on their own vagueness to obstruct removal.

*See* N.J.S.A. § 56:8-166.1(d) ("judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor").[10] Second, "immediate family members" qualify as a "covered person" only if they "resid[e] in the same household" as an individual holding one of those job titles (and who is required to live in New Jersey). *Id*. *See also* Compl. ¶¶ 22-23 (the Assignors are the "covered persons" who "reside, work or had previously resided or worked in New Jersey"). Accordingly, complete diversity exists between Search Quarry and the Assignors.

### 3. The Assignors are the real parties in interest for diversity jurisdiction purposes, and Atlas's citizenship should be disregarded.

Atlas, like Search Quarry, is incorporated in Delaware. Compl. ¶ 21. However, the Court should consider the residency of the Assignors, not Atlas, in determining citizenship because the Assignors are the "real part[ies] in interest," and because the purported assignment of their claims to Atlas is facially collusive. *See Mississippi ex rel. Hood v. AU Optronics Corp*., 571 U.S. 161, 174 (2014).

The "diversity jurisdiction statute [requires] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying

---

[10] Federal Employees are subject to a different statute. *See* Daniel Anderl Judicial Security and Privacy Act of 2022, 117 Pub. L. 263, 136 Stat. 3458-69 (Dec. 23, 2022). Thus, Daniel's Law covers New Jersey state employees who are all subject the Residency Statute.

diversity jurisdiction." *Id.* This includes situations where a plaintiff collusively assigns his interest in an action. *See, e.g.*, *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 825–830 (1969); *see also* 28 U.S.C. § 1359 (prohibiting collusive joinder to create federal jurisdiction); *see also Att'y's Trust v. Videotape Comput. Prods., Inc.*, 93 F. 3d 593, 597 (9th Cir. 1996) (courts must be "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case"); 28 U.S.C. § 1359 (prohibiting collusive joinder to *create* federal jurisdiction).

"Federal district courts have both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to *disregard the assignment* in determining jurisdiction if it be found to have been made principally to defeat removal." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990); *see also NPD Mgmt. & Bldg. Servs., Inc. v. Geismar North Am., Inc.*, 2021 WL 5231870, *3 (E.D. La. Nov. 10, 2021) ("[A] plaintiff may not make a 'collusive' partial assignment of its interests in the subject matter of litigation to destroy valid diversity jurisdiction and to prevent the removal of an action to federal court."); *Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*, 813 F. Supp. 2d 242, 244 (D. Mass. 2011) ("The Court must examine and disregard an assignment 'if it is found to have been made principally to defeat

removal.'"). Most courts that have considered this issue "have determined that a collusive transfer to defeat subject matter jurisdiction may be held invalid." *E. I. Du Pont D Nemours & Co. v. Agfa NV*, 2019 WL 279989, at \*9 (E.D. Va. Jan. 22, 2019).

Factors considered by district courts to determine if it should disregard an assignment for purposes of diversity include:

> (1) the comparative size of the interest assigned; (2) whether the assignee held any interest in the litigation before the assignment; (3) whether the assignor and assignee are controlled by the same party; (4) whether the assignment occurred shortly before the litigation commenced; (5) whether the assignment represents what is essentially a contingent fee arrangement for collection work; and (6) whether there is a strong likelihood of prejudice against the defendant.

*NPD Mgmt.*, 2021 WL 5231870, at \*4 (E.D. La. Nov. 10, 2021) (citing *Grassi*, 894 F.2d at 186); *Smilgin*, 854 F. Supp. at 466; *JMTR Enters., LLC.*, 42 F. Supp. 2d at 92).

Although Atlas has concealed details of the purported assignments, what is known supports that this Court's should disregard Atlas's citizenship. ***First***, Atlas as an entity did not exist at the time Daniel's Law was created in 2020. *Hiya*, 3:24-cv-04000, ECF No. 1-3 (Ex. C). However, shortly after the July 2023 amendment to allow assignments of claims (for which Atlas' counsel was engaged in promoting as a registered lobbyist), Atlas registered an office in New Jersey. *Id*. at ECF No. 1-4 (Ex. D). Atlas then inundated businesses with thousands of requests in an attempt to manufacture Daniel's Law liability, and soon after commenced rapidly filing

lawsuits purportedly on behalf of the Assignors. Based on the recency of Atlas' conduct, it follows that the assignments were also recently obtained.

**Second,** when considering the above conduct combined with (1) Atlas' close connection to New Jersey,[11] and (2) the omission of the form and scope of the purported assignments,[12] there is a strong suggestion that Atlas is a mere mechanism by which to commence suit (and destroy diversity). *See Grassi*, 894 F.2d 182 (affirmed the lower court's decision to disregard an assignee's citizenship for the purpose of determining diversity because the assignee had "no legitimate and independent interest in the litigation, but was simply providing litigation support services"). Accordingly, this Court should disregard the Atlas assignments when determining citizenship because the Assignors are the real parties-in-interest and because the assignments were made to destroy diversity.

---

[11] Atlas' sole office is in New Jersey and all its Assignors are individuals "who reside, work or had previously resided or worked in New Jersey." Compl. ¶¶ 21, 23. Atlas' close connection to New Jersey (and lack of connection to Delaware) supports the inference that Atlas: (1) knew Delaware is a popular state for incorporation and (2) expected to sue numerous Delaware companies in its campaign to create liability, and (3) made the assignments to destroy diversity.

[12] The Complaint fails to allege the any facts or attach documents about the purported mass assignments of 19,023 individual claims to Atlas. The Complaint does not explain: (1) how these assignments were effectuated, (2) the scope of those assignment, (3) what interests were assigned (or retained) by the Assignors; (4) whether the Assignors were competent to make such assignments.

16

For the reasons stated above, complete diversity exists because Search Quarry is a citizen of Delaware and none of the Individual Plaintiffs or Assignors are citizens of Delaware.

### B. The Amount in Controversy Plausibly Exceeds $75,000[13]

To meet the amount-in-controversy requirement, Search Quarry need only show that one of the Plaintiffs has a plausible claim exceeding $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (if one Plaintiff meets amount-in-controversy requirement, the District Court has "supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement"). Generally, "[t]he sum claimed by the plaintiff controls." *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify [remand]." *Id*.

As explained in Subsection (1), the amount-in-controversy requirement is met because Atlas' claim alone exceeds $75,000. Alternatively, as explained in Subsection (2), even if evaluated independently, each Individual Plaintiff's and Assignor's claims plausibly exceed $75,000.

---

[13] Search Quarry denies that any Plaintiff has suffered any damages at all. As explained in this section, for the purposes of removal, the amount in controversy is based on the amount plausibly claimed by plaintiff and is considered solely for the purpose of establishing jurisdiction. *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n. 2 (3rd Cir. 2020) (citing *Dart Cherokee*, 574 U.S. at 87).

### 1. Atlas' Claim Satisfies the Amount in Controversy.

Atlas' statutory damages claim alone of $19,023,000 ($1,000 for each of 19,023 Assignors) meets the amount-in-controversy requirement. Compl. ¶ 22; N.J.S.A. § 56:8-166.1(c).[14]

### 2. Alternatively, Each Plaintiff has a Plausible Claim for $75,000.

Alternatively, even if evaluated independently, each Individual Plaintiff and Assignors' claim as asserted exceeds $75,000 when totaling the potential damages alleged on behalf of each Plaintiff. Actual damages, punitive damages, and attorneys' fees are aggregated in determining the amount in controversy. *Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J. Dec. 29, 2010).

*Actual Damages (Prayer for Relief ¶ B).* Daniel's Law allows recovery of the greater of actual damages or $1,000. N.J.S.A § 56:8-166.1(c). Here, each Individual Plaintiff and Assignor may potentially recover at least $1,000, and potentially more against each of the named Defendants if they are able to demonstrate significant actual damages.

*Punitive Damages (Prayer for Relief ¶ C).* "[C]laims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be

---

[14] This is not inconsistent with Section I(A)(3), *supra*, which looks at when courts "*disregard[s]* the assignment" (not invalidates it) for the narrow purpose of its diversity-of-citizenship analysis, because the assignment was designed to destroy diversity. *See Grassi*, 894 F.2d at 185 (emphasis added). Amount in controversy is a distinct analysis.

stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)). The New Jersey punitive damages statute allows the *greater of* $350,000 or five-times compensatory damages. N.S.J.A. § 2A:15-5.14. "[B]ecause it cannot be stated to a legal certainty" based on Plaintiffs' Complaint that each Plaintiff will not recover punitive damages, Plaintiff's punitive damages claim alone meets the amount in controversy requirement. *Huber*, 532 F.3d at 244; *see, e.g.*, *Quinones-Velazquez v. Maroulis*, 677 Fed. App'x 801, 804 (3rd Cir. 2017) (district court erred in finding that pleading of punitive damages did not meet the "legal certainty" test).

*Compliance with Injunctive Relief (Prayer for Relief ¶¶ A, C, E).* "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977). Here, the Plaintiffs' objective is to "cease the disclosure of the Individuals Plaintiffs' and the [Assignors']" covered information, including through "appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law." Compl. ¶ 61 (Prayer for Relief ¶¶ A, C, E). The costs of Search Quarry's compliance and retention of an expert to confirm and monitor ongoing compliance could easily cost tens of thousands of dollars.

19

*Attorneys' Fees (Prayer for Relief ¶ D).* "[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997) (*citing Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).

Daniel's Law makes available "[a]ttorney's fees and other litigation costs" to Plaintiffs. N.J.S.A. 56:8-166.1(c)(3). If successful, each Individual Plaintiff and Assignor could have a significant claim for attorneys' fees.

## II.   ALTERNATIVELY, REMOVAL IS APPROPRIATE UNDER § 1332(D) CAFA JURISDICTION

Alternatively, this Court may exercise jurisdiction under CAFA if it finds that Plaintiffs' complaint is either a putative mass action[15] or *de facto* class action. As explained in <u>Subsection (A)</u>, despite its lack of class action allegations, this Court may find that Plaintiffs' complaint is a putative class action because it is *functionally* a representative action on behalf of 19,023 absent plaintiffs. Alternative it is "mass action." As explained in <u>Subsections (B)-(C)</u>, this court has original jurisdiction under CAFA as either a putative mass action or *de facto* class action because: (i) any

---

[15] CAFA defines a "mass action" as "any civil action… in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [§ 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(i).

member of a class of plaintiffs is a citizen of a State different from Search Quarry, LLC and Search Quarry, Inc., and (ii) the proposed class exceeds 100 putative members. 28 U.S.C. § 1332(d)(2)(A); (4)–(5). As explained in Subsections (D), the amount in controversy is met for both a putative *de facto* class action ($5,000,000 aggregate amount) and mass action (also each claim exceeds $75,000). Finally, as explained in Subsections (E), no CAFA jurisdictional exception applies.

### A. The Court May Deem this Matter a *De Facto* Class or Mass Action.

Atlas (likely intentionally) did not title this action as a putative "class action." Nonetheless, under CAFA, this Court may "cut through the pleading artifice to identify whether the case is in substance an interstate class action." *Erie Ins. Exch. v. Erie Indem. Co.*, 68 F. 4th 815, 819 (3d Cir. 2023). CAFA's "application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." S. Rep. 109-14, 35, 2005 U.S.C.C.A.N. 3, 34 (Senate Report on CAFA). "Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id*. This is consistent with the Supreme Court's directive that "courts must be careful not to 'exalt form over substance' when determining whether a case satisfies CAFA's jurisdictional requirements." *Id*. at 819–820 (*quoting Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013)). Here, the Plaintiffs' complaint is a putative a class action "notwithstanding [Plaintiffs] artificial attempt

to disguise the true nature of the suit." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (denying remand under CAFA where plaintiff, as assignee of class rights, intentionally omitted class action terminology in the pleadings to avoid federal jurisdiction).

Additionally, CAFA expressly provides that "mass actions" may be removed to federal court if the action otherwise meets the class action removal requirements. 28 U.S.C. § 1332(d)(11)(B)(i). "In extending CAFA to large individual state court cases that are functionally indistinguishable from class actions, the mass action provision prevents plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to seek class certification." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1198 n.32 (11th Cir. 2007). Whether considered a class or mass action, the action may be properly removed under CAFA.

### B. Minimal Diversity Exists

CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As explained above, Search Quarry is citizen of Delaware, and at least one Plaintiff is citizen of New Jersey. *See* § I(A)(1), *supra*. Accordingly, CAFA minimal diversity is satisfied.

### C. The Proposed Class Exceeds 100 Members

The putative class would include 19,023 Assignees. Compl. ¶ 22. Accordingly, the putative class exceeds 100 members and satisfies the numerosity requirement. 28 U.S.C. § 1332(d)(5).

### D. CAFA Amount in Controversy is Satisfied[16]

***De Facto Class Action***. For the reasons stated in Section I(B)(1), the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The statutory damages claim alone has a facial value of $19,469,000 ($1,000 for 19,469 Assignors). *Dart Cherokee*, 574 U.S. at 87 ("amount-in-controversy allegation . . . is accepted if made in good faith" (citation omitted)).

***Mass Action***. For the reasons stated in Section I(B)(2), each Individual Plaintiff has claim(s) with an alleged facial value in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(i).

### E. No CAFA Exception Applies

Finally, no CAFA exception applies. Of note, CAFA has a "home state" exception for circumstances where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(1), (B). Here, the "home state"

---

[16] *See supra* n.13. Again, Search Quarry denies any Plaintiff has suffered any damages at all.

exception does not apply because Search Quarry is not "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

## III.    SEARCH QUARRY HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL

As explained below, Search Quarry has met all requirements for removal because this is the proper venue for removal, removal is timely, and Search Quarry has met all procedural requirements for removal.

### A. This Court is the Proper Venue for Removal.

The District Court for the District of New Jersey is the proper venue for removal purposes[17] because it geographically encompasses the state court in Monmouth County, New Jersey, in which Plaintiffs filed the State Court Action. 28 U.S.C. § 1446(a).

### B. Defendants Have Timely Filed this Notice of Removal.

This Notice of Removal is timely because it is filed within 30 days of service upon Defendant. 28 U.S.C. § 1446(b)(1) (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served). Defendants

---

[17] Although this Court is the proper venue for removal, Defendant does not concede that this is the proper venue to litigate this action. Defendant may seek transfer of this action under 28 U.S.C. § 1404(a).

24

was served on February 23, 2024, and this Notice of Removal is filed less than thirty days thereafter, on March 22, 2024.

### C. Defendant has Met All Procedural Requirements for Removal

Promptly upon filing this Notice of Removal, Search Quarry will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Monmouth County, as required by 28 U.S.C. § 1446(d).

## IV.    THE COURT MAY ORDER JURISDICTIONAL DISCOVERY

Should the Court question whether it has subject matter jurisdiction – either *sua sponte* or upon a motion for remand – it should, prior to ruling, order discovery related to: (1) the scope and form of the purported assignments (including purpose, validity, and competency of the Assignors) and (2) the citizenship of the each of the Plaintiffs. Again, the Court has a duty to look beyond the pleadings and allow for the investigation into whether any of plaintiffs were collusively joined to avoid federal jurisdiction. *See* 28 U.S.C. § 1359; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[w]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues"); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 109 (3d Cir. 2015) ("[t]he District Court must permit jurisdictional discovery in order to ascertain whether complete diversity exists" if jurisdiction is challenged).

## **CONCLUSION**

Wherefore, this Defendant Search Quarry Insights, Inc., hereby removes the above-captioned action from the Superior Court of New Jersey Law Division, Monmouth County, and requests that further proceedings be conducted in this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

Dated: March 22, 2024                    Respectfully submitted,
                                                          **CLARK HILL PLC**

                                                          By:  */s/ Steven M. Richman*
                                                                    Steven M. Richman, Esq.
                                                                    Myriah V. Jaworski (*pro hac vice*
                                                                    forthcoming)
                                                                    Chirag H. Patel (*pro hac* vice
                                                                    forthcoming)
                                                                    210 Carnegie Center, Suite 102
                                                                    Princeton, NJ 08540
                                                                    (609) 785-2911
                                                                     Email:srichman@clarkhill.com
                                                                              mjaworski@clarkhill.com
                                                                              cpatel@clarkhill.com)

                                                                    *Attorneys for Defendants*
                                                                    *Search Quarry, Inc. and Search Quarry,*
                                                                    *LLC*

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2024, I caused to be electronically filed with the Clerk of the U.S. District Court of New Jersey, the foregoing document by using the CM/ECF system. I also filed a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Monmouth County, as required by 28 U.S.C. § 1446(d), and sent a copies by U.S. mail to:

Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Genova Burns LLC
494 Broad Street, Newark, NJ 07012

John A. Yanchunis, Esq.
Morgan & Morgan, 201 N. Franklin St.,
7th Floor
Tampa, FL 33602.


By:   _/s/ Steven M. Richman_
        Steven M. Richman, Esq.
        210 Carnegie Center, Suite 102
        Princeton, NJ 08540
        (609) 785-2911
        Email:srichman@clarkhill.com
        _Attorneys for Search Quarry, Inc. and_
        _Search Quarry, LLC_